UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

CHRIS HERNANDEZ,

                 Plaintiff,

     -against-

CITY OF NEW YORK; Police Officer TODD KEYES, Shield/Tax No. (944096) individually and in his/her official capacities; Sergeant DAVID CORDANO, Shield/Tax No. (938262) individually and in his/her official capacities; and NYPD Officers JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                 Defendants.
------------------------------------------------------------------ x

**COMPLAINT**

Jury Trial Demanded

<u>ECF Case</u>

     PLAINTIFF, CHRISTIAN HERNANDEZ, by attorney Katherine E. Smith, complaining of the defendants, respectfully alleges as follows:

### <u>NATURE OF THE ACTION</u>

     1.    PLAINTIFF brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of PLAINTIFF'S civil rights, by defendants THE CITY OF NEW YORK, and Police Officer TODD KEYES, Shield / Tax No. (944096); Sergeant DAVID CORDANO, Shield / Tax No. (938262); and P.O.s "JOHN and JANE DOE" #1-10, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

### <u>JURISDICTION AND VENUE</u>

     2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

1

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c), as the incidents alleged herein occurred in this district.

**JURY DEMAND**

5. PLAINTIFF demands a trial by jury in this action.

**PARTIES**

6. PLAINTIFF, CHRISTIAN HERNANDEZ, is a resident of County in the City and State of New York.

7. Defendant City of New York ("City") is a municipal corporation organized under the laws of the State of New York.

8. Defendant City, maintains the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of defendant City. The NYPD is responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. At all times relevant defendants Police Officer TODD KEYES, Tax / Shield No. 944096; defendants Sergeant DAVID CORDANO, Tax / Shield No. 938262; and NYPD Defendants John & Jane Doe 1 through 10 ("Doe Defendants") were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield / tax numbers of defendants John & Jane Doe 1 through 10.

10. At all times hereinafter mentioned KEYES, CORDANO, and the DOE Defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the DOE Defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

12. Each and all of the acts of the DOE Defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant City of New York.

## STATEMENT OF FACTS

13. On or about September 11, 2013 at or around 2:00 p.m., PLAINTIFF was lawfully within the vicinity of 105-10 62 Avenue, Queens, New York.

14. PLAINTIFF stopped briefly to greet several acquaintances while Plaintiff was en route to his friend's apartment located at 99-42 62nd Ave.

15. PLAINTIFF entered the lobby of the building and soonthereafter several unidentified New York City Police Officers, including defendants KEYES, CORDANO, and the DOE defendants, approached PLAINTIFF.

16. The officers unlawfully searched PLAINTIFF, despite the fact that they had no reasonable suspicion or other lawful basis to do so.

17. Defendants recovered no contraband from PLAINTIFF.

18. Notwithstanding the fact that defendants had no probable cause to believe that PLAINTIFF had committed any crimes or offenses, defendants placed PLAINTIFF into handcuffs and under arrest.

19. PLAINTIFF was subsequently transported to the police precinct.

20. At the precinct the officers, including defendant KEYES and CORDANO falsely informed employees of the Queens County District Attorney's Office ("DA's Office") that they had observed PLAINTIFF commit various crimes/offenses.

21. Specifically, KEYES and CORDANO falsely informed employees of the DA's Office that they recovered marijuana on the ground next to where plaintiff - and his acquaintances - were standing.

22. Neither KEYES, CORDANO nor the DOE defendants observed PLAINTIFF violate any laws / ordinances.

23. The allegations made by Defendants to the DA's Office were false, and the defendants knew them to be false at the time the defendants made the allegations.

24. The defendants then forwarded these false allegations to the DA's Office in order to justify the unlawful arrest of PLAINTIFF and to persuade the DA's Office to commence and/ or continue the criminal prosecution of PLAINTIFF.

25. The defendants knew and understood that the DA's Office was relying on the truthfulness of defendants' claims and statements in order to evaluate whether to commence a criminal prosecution against the PLAINTIFF. Defendants were aware that the DA's Office assumed that all of the factual statements, claims and allegations that defendants relayed to the DA's Office were truthful in all material respects.

26. From the precinct, PLAINTIFF was then transported to Queens Central Booking, and was subsequently arraigned.

27. PLAINTIFF was released after spending over twenty-four (24) hours in custody.

28. PLAINTIFF appeared in court as required, and September 11, 2014, PLAINTIFF's criminal case was dismissed after he received an adjournment in contemplation of dismissal.

29. PLAINTIFF suffered damage as a result of defendants' actions. PLAINTIFF was deprived of liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and reputational damage.

## CLAIM
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

30. PLAINTIFF repeats, reiterates, and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

31. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

32. The aforementioned customs, policies, usages, practices, procedures and rules of defendant City and the NYPD include, but are not limited to, the following unconstitutional practices:

    i. arresting individuals regardless of probable cause in order to inflate the officers' arrest statistics;

      ii.   arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing; and

      iii.   fabricating evidence in connection with their prosecution in order to cover up police misconduct.

33. The foregoing customs, policies, usages, practices, procedures and rules of defendant City through the NYPD constituted deliberate indifference to the safety, well-being and constitutional rights of the PLAINTIFF.

34. The foregoing customs, policies, usages, practices, procedures and rules of the City and the NYPD were the direct and proximate cause of the constitutional violations suffered by the PLAINTIFF as alleged herein.

35. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the PLAINTIFF'S constitutional rights.

36. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of the PLAINTIFF'S constitutional rights.

37. The acts complained of deprived the PLAINTIFF of the following constitutionally protected rights:

    a.   Not to be deprived of liberty without due process of law;

    b.   To be free from seizure and arrest not based upon probable cause;

    c.   Not to have summary punishment imposed; and

    d.   To receive equal protection under the law.

38. As a direct and proximate result of this unlawful conduct, PLAINTIFF sustained the damages hereinbefore alleged.

## CLAIM ONE
## Unlawful Stop and Search

39. PLAINTIFF repeats and re-alleges each and every allegation as if fully set forth herein.

40. Defendants violated the Fourth and Fourteenth Amendments because they unlawfully stopped and searched PLAINTIFF.

41. As a direct and proximate result of this unlawful conduct, PLAINTIFF sustained the damages hereinbefore alleged.

## CLAIM TWO
## False Arrest

42. PLAINTIFF repeats and re-alleges each and every allegation as if fully set forth herein.

43. The Defendants violated the Fourth and Fourteenth Amendments because they arrested PLAINTIFF without probable cause, privilege or consent.

44. As a direct and proximate result of this unlawful conduct, PLAINTIFF'S liberty was restricted for an extended period of time, was put in fear of physical safety, humiliated and subjected to handcuffing, and other physical restraints, without probable cause, in addition to the damages hereinbefore alleged.

## CLAIM THREE
## Denial Of Constitutional Right To Fair Trial

45. PLAINTIFF repeats and re-alleges each and every allegation as if fully set forth herein.

46. The individual defendants created false evidence against PLAINTIFF.

47. The individual defendants forwarded false evidence to prosecutors in the Queens County District Attorney's office.

48. In creating false evidence against PLAINTIFF, and in forwarding false information to prosecutors, the individual defendants violated PLAINTIFF's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

49. As a direct and proximate result of this unlawful conduct, PLAINTIFF sustained the damages hereinbefore alleged.

## CLAIM FOUR
## Failure To Intervene

50. PLAINTIFF repeats and re-alleges each and every allegation as if fully set forth herein.

51. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

52. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

53. As a direct and proximate result of this unlawful conduct, PLAINTIFF sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, PLAINTIFF respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:   New York, New York
         June 25, 2015

_____
Katherine E. Smith
233 Broadway, Ste. 1800
New York, New York 10279
Tel/ Fax: 347-470-3707
ksmith@legalsmithny.com
*Attorney for Plaintiff*